CONWAY & MCCLINTOCK v. BACKUS & CO.

(No. 4048.)

APPEAL from Mitchell County.  Opinion by WILLSON, J.

*(Transferred from Austin.)*

J. D. MARTIN, counsel for appellants.

No counsel appeared for appellee.

§ **266.** *Trial of right of property; liability of sureties on claimant's bond; liability upon one bond not discharged by payment of the other; case stated.*  Martin, Byrne & Johnson sued A. P. Lee to recover a debt, and had attachment levied upon certain property as the property of said A. P. Lee.  A. J. Lee claimed said property and executed bond, with appellants as his sureties, for trial of the right of property thereto. · Martin, Byrne & Johnson recovered judgment against A. P. Lee for their debt and costs, and a foreclosure of their attachment lien upon the property claimed by A. J. Lee was declared, and judgment was also rendered against appellants' sureties upon the claim bond for the value of said property.  This judgment was paid in full by appellants. Subsequent to the levy of the attachment in favor of Martin, Byrne & Johnson, appellees sued A. P. Lee to recover a debt he owed them, and had an attachment levied upon the same property which had been seized under the attachment in favor of Martin, Byrne & Johnson.  A. J. Lee again claimed the property and executed a claimant's bond with appellants as his sureties.  Upon the trial of this claim appellants pleaded the payment by them of the judgment in favor of Martin, Byrne &

Johnson, contending that such payment released them from liability upon the second claimant's bond, as said judgment amounted to the full value of the property. This plea was disregarded, and the claimant having failed to establish a right to the property, judgment was rendered against him and the sureties upon said claim bond for the debt sued for, etc., the same being less than the value of the property. *Held:* The judgment is correct. The payment of the judgment in favor of Martin, Byrne & Johnson by the sureties did not release them from liability upon the claimant's bond in this case. When that judgment was discharged the property still remained subject to the subsequent attachment lien of appellees. It did not become the property of appellants, nor did they acquire any right thereto by reason of their having discharged the first attachment lien. It was still the property of A. P. Lee and subject to appellee's judgment unless the claimant should establish his right thereto, and he having failed to do so, appellants, as his sureties, were liable for appellee's debt, etc.

February 26, 1887.                    Affirmed.